## PITTSBURGH PACIFIC COMPANY v. COMMISSIONER OF TAXATION.

188 N. W. (2d) 875.

July 2, 1971—No. 42709.

*Warren Spannaus,* Attorney General, *C. Hamilton Luther,* Deputy Attorney General, and *John R. Kenefick,* Special Assistant Attorney General, for relator.

*Dorsey, Marquart, Windhorst, West & Halladay, John W. Windhorst,* and *Phillip H. Martin,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

PETERSON, JUSTICE.

Writ of certiorari to review a Tax Court decision reversing an order of the commissioner of taxation.

During its fiscal year ending November 30, 1962, taxpayer, Pittsburgh Pacific Company, a Minnesota corporation whose principal business is mining ore, sustained losses totaling $323,863.47, upon the termination of leases of three separate mining properties located in Minnesota. The issue is whether taxpayer may deduct these losses in computing net income for that year for Minnesota income tax purposes. We affirm the Tax Court's order, which allowed the deduction.

1. Taxpayer, as a company engaged in the business of mining

ore in Minnesota, must pay an occupation tax, based on the value of ores mined. Minn. St. 298.01. But, as the parties agree, for purposes of determining a mining corporation's occupation tax liability, neither losses nor gains from the sale or other disposition of mining property or leases may be used as adjustments to the value of ore mined. We note that Minn. St. 298.03, which specifies deductions from the value of ore mined, does not authorize taxpayer to deduct all expenses related to the business of mining but, generally, only the expenses of bringing ore to the surface of the ground. See, e. g., State ex rel. Inter-State Iron Co. v. Armson, 166 Minn. 230, 207 N. W. 727, in which we interpreted L. 1921, c. 223, § 2, now a part of Minn. St. 298.03, and held that the cost of a reasonable amount of fire insurance and the annual depreciation in the value of mining plant and equipment are proper deductions in determining occupation tax liability but that the expense of legal services is not.

2. The more difficult question, on which the parties do not agree, is whether taxpayer may deduct the losses in determining its net income for income tax purposes. But for Minn. St. 290.05, which provides that certain taxpayers are exempt from income taxation under certain circumstances, the answer would not be difficult because other sections of the Minnesota Income Tax Act make it clear that gains and losses from the termination of leases must be considered in determining income tax liability.[1]

The part of Minn. St. 290.05(2) pertinent here reads as follows:

"The following corporations * * * shall be exempted from taxation under this chapter * * *:

* * * * *

"(2) Corporations * * * engaged in the business of mining

---

[1] Minn. St. 290.01, subd. 20, defines "gross income" to include "gains or profits derived from every kind of disposition of, or every kind of dealing in, property." Section 290.09, subd. 5(a), provides that in computing net income taxpayer may deduct losses not compensated for by insurance or otherwise.

or producing iron ore * * *; but if any such corporation * * * engages in any other business or activity or has income from any property not used in such business it shall be subject to this tax computed on the net income from such property or such other business or activity." [2]

It is at once apparent that the legislature did not intend an unlimited income tax exemption for taxpayers engaged in the business of mining or producing iron ore. Mining ore consists of severing ore from its natural bed and bringing it to the surface. Oliver Iron Min. Co. v. Lord, 262 U. S. 172, 43 S. Ct. 526, 67 L. ed. 929. The legislature clearly intended that such taxpayers were otherwise to pay taxes on their net income from any business or activity other than mining and on income from property not used in the business of mining.

We hold that income from the disposition of leases on property which taxpayer has either used or held for potential use in its business of mining ore is not to be deemed income from such business but, rather, income from the disposition of property no longer used or held for use in taxpayer's business. A lease, at the time of its disposition, is not devoted to "mining or producing iron ore" but, instead, becomes "property not used in such business."

If we were to interpret this provision otherwise, the result would be that gains derived by a mining company from the disposition of mining leases would escape all taxation, because, as we have indicated, such gains may not be included in computing occupation taxes. Assuming that leases may be acquired for speculation, a contrary holding arguably would additionally foster an inequity between different owners of mining leases: A corporation not engaged in the business of mining would be subject to taxation on its gains from the disposition of mining leases, but a mining company might speculate in mining leases

---

[2] L. 1965, c. 596, § 1, and L. 1967, c. 671, § 1, made minor changes in unquoted portions of this section which do not alter the meaning of the section as applied in this case.

tax-free. We are certain that the legislature would intend no such result.

Gains from the disposition of mining leases being includible in the computation of a mining corporation's net income, it necessarily follows that this taxpayer may deduct any losses from the disposition of mining leases in determining its income tax liability.

Affirmed.